## WESTON et al. v. DUGGAN.

### No. 3998.

Court of Civil Appeals of Texas. Beaumont.
March 26, 1942.

Currie McCutcheon and Bruce Graham, both of Dallas, for appellants.

Lipscomb & Lipscomb, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 20th of April, 1939, appellee, William Duggan, was a fare paying passenger of appellants, C. H. Weston and H. A. Prejean, who were operating a taxicab in the city of Beaumont, with appellant Lawyers Lloyds of Texas their public liability insurer. Appellants contracted with appellee to transfer him as a fare paying passenger to the picket line near the Magnolia Petroleum Company gates. The taxicab stopped near the picket line; appellee got out of the taxicab and was assaulted by certain parties in no way connected with appellants. This action was by appellee against appellants for the damages suffered by him in the assault. For cause of action he plead generally the facts as stated, and the acts of negligence against appellants upon which he predicated his cause of action; he also plead against appellant, Lawyers Lloyds of Texas, its contract of indemnity insurance issued by it to appellants. Appellants answered by demurrers, general and special denials, and by plea of special acts of contributory negligence on the part of appellee.

Answering special issues, the jury found the following facts as summarized by the court in its judgment.

"That on the night of April 20, 1939, the plaintiff, William Duggan, was a passenger in a taxicab operated by defendants, Weston and Prejean; that he engaged the taxicab driver to drive him to the picket line near the Magnolia refinery gate; that said driver failed to deliver the plaintiff to the picket line; that such failure was negligence and the proximate cause of plaintiff's injuries; that the plaintiff was forcibly removed from the taxicab and beaten and mistreated by unknown persons; that he suffered injuries therefrom; that the taxicab driver by the use of a high degree of care could have prevented the assault upon the plaintiff; that said driver stopped his taxicab before reaching the picket line; that such act was negligence and the proximate cause of plaintiff's injuries; that the taxicab driver failed to use any effective means to prevent the as-

sault upon the plaintiff; that said driver did not know that the persons in the roadway would probably attack the plaintiff; that failure of the driver to know and realize the probable danger in which the plaintiff was placed by the stopping of the car at the point where it was actually stopped was the proximate cause of the assault; that the circumstances were not such as to put a person exercising a high degree of care upon notice that the passenger would be attacked if the taxicab was stopped before it reached the picket line; that $500.00 would reasonably compensate the plaintiff for his injuries; and the jury having further found in response to special issues submitted that the driver of the cab did not have knowledge of the actual intent of the persons who assaulted plaintiff in time to have avoided the assault, and the jury having further found that the plaintiff failed to warn the taxi driver that there was danger of an assault, and that such failure to warn was negligence which proximately contributed to the damages; and that plaintiff got out of the cab on the occasion in question, which was not negligence; and that the plaintiff failed to keep a proper lookout for his safety, which proximately contributed to cause the assault; and that the plaintiff failed to warn the driver that they had not reached the picket line in question, which was negligence proximately contributing to cause the assault; and that the said plaintiff failed to advise the driver that the place where the cab was stopped was not the picket line, which failure was negligence, proximately contributing to cause the injuries; and that the said plaintiff failed to tell the taxicab driver to speed up his cab, which was negligence, proximately contributing to cause the injuries; and that the plaintiff did not start a fight with said unknown persons, and that the taxicab driver acted under a sudden emergency, and that the acts and conduct of said unknown persons were not the sole proximate cause of the assault."

After the return of the verdict, appellee filed his motion for judgment, summarizing the findings of the jury convicting appellants of negligence proximately causing appellee's injuries, and convicting appellee of contributory negligence. Following the summary of the findings by the jury, appellee's motion prayed for the following relief:

"And it appearing from the findings of the jury that the defendant was guilty of negligence, and that the defensive issues sought to be raised by the defendants herein and submitted to the jury were evidentiary only and not controlling issues; and it appearing further that the defendants having had no control over the actions of the taxi driver and being under no duty to warn the taxi driver of the impending assault, the plaintiff is entitled to judgment for the sum of $500.00 upon the verdict rendered herein, and plaintiff moves the court to enter judgment in his behalf accordingly."

The court granted appellee's motion for judgment on the following findings and order:

"And the court having considered the verdict of the jury and having heard full argument upon the motion of plaintiff for judgment upon the verdict of the jury, of which the defendants had notice; and the court being of the opinion that the defendants Weston and Prejean were under a duty to deliver the plaintiff to the picket line, in accordance with the contract of carriage entered into by and between plaintiff and defendants' said driver; and it further appearing to the court that the evidence is wholly insufficient to support the findings of negligence on the part of the plaintiff and being of the opinion that the plaintiff is entitled to judgment upon said verdict;

"It is accordingly considered, ordered, adjudged and decreed that the plaintiff, William Duggan, have and recover of and from the defendants, C. H. Weston and H. A. Prejean and against their surety, Lawyers Lloyds of Texas, the sum of Five Hundred Dollars ($500.00), with interest thereon from this date at the rate of 6% per annum, besides costs of suit, for which plaintiff may have his execution or executions against the said defendants as many and as often as may be necessary."

From the judgment of the court appellants have duly prosecuted their appeal to this court.

## Opinion.

In his brief, appellee concedes that "the law does not make the carrier an insurer, and does not undertake to protect him from the results of his contributory negligence which ordinarily is a question of fact for the jury's determination." On this statement by appellee, which is clearly the law, we pretermit a discussion of appellants' propositions and authorities that

they were not an insurer of appellee's safety.

■ Appellee makes the following additional statement: "If the judgment of the trial court is to be upheld, it is only upon the theory that the court was authorized under the peculiar facts of this case, to disregard the unfavorable findings convicting the plaintiff of contributory negligence." On this statement by appellee, the issue is simply whether the findings of the jury convicting him of contributory negligence had support in the evidence; it is our conclusion on review of the evidence that these findings had satisfactory support. The driver of the taxicab testified (Q. & A. reduced to narrative):

"I picked him up on Jefferson Street and he asked to go to the Magnolia gate. When he asked to go to the Magnolia gate, I told him that there was a picket line at the Magnolia gate, and it would be necessary for me to stop at the picket line, and he said 'that is all right for you to stop, provided it wasn't too far for me to walk to the gate, because he didn't want to have to walk too far.' Well, when he asked me to take him to the gate I told him about the picket line out there and he said, at the time I picked him up, that it would be quite all right to take him to the picket line and let him out, provided it wasn't too far from there to the Magnolia gate, because he didn't want to have to walk too far. The persons who assaulted Mr. Duggan engaged him in conversation and asked him to step out of the car for a moment. He opened the door himself in order to get out, and after stepping out the fight started. I knew there was a picket line in that vicinity but did not know its location. I stopped the cab at what Mr. Duggan thought was the picket line. He was flagged down by four men whom he took to be pickets; he was in the vicinity where he expected pickets to be. When the cab was flagged down the unknown persons engaged Mr. Duggan in conversation. Mr. Duggan opened the door and got out when the fight ensued; he said nothing to me about either stopping or not stopping the taxicab at the time it was stopped. He did not warn me of any danger of an attack at the time, or at any time during the occasion."

Appellee testified (Q. & A. reduced to narrative): "I entered the taxicab at 11:05 p. m. and instructed the driver to take me to the Magnolia refinery gate. He told me that I could be taken only to the picket line of the striking seamen. Knowing that the picket line was only 100 feet or less from the gate, I agreed with the driver that that was all right. I saw a group of people standing off the pavement facing the cab as we approached the picket line. These people came up to the door, opened it and engaged me in conversation. I stood up partly in the cab and they grabbed me and a fight ensued. I knew the name of a woman in the group. Prior to the night of April 20, 1939, I had passed through the picket line of the striking seamen seven times. The attack occurred about 600 feet from the picket line established by the striking seamen."

■ In his motion for judgment, appellee did not pray for judgment non obstante veredicto, but asked for judgment on the verdict, on the theory that the defensive issues of contributory negligence were evidentiary only and not controlling issues. On this motion, the court could disregard the findings of contributory negligence only on the theory of absolute liability on the part of appellants to deliver appellee safely to the picket line. Clearly, under the law, appellants did not owe appellee that duty, and he so concedes. So, on the verdict, appellants were entitled to judgment unless the court, on proper allegations for judgment non obstante veredicto, set aside the findings on contributory negligence. Since that relief was not asked for, the court did not have power to grant it. It follows that the court's conclusion, as stated in the judgment, "that the evidence is wholly insufficient to support the findings of negligence on the part of the plaintiff" is without support in the motion for judgment. However, we have reviewed the evidence and it is our conclusion, as stated above, that the findings on the issue of contributory negligence do have support.

It follows that the judgment of the lower court against appellants in favor of appellee must be reversed, and judgment here rendered in their favor against appellee that he recover nothing.

Reversed and rendered.